JEFFERSON PRATT & others *vs.* HENRY RICE. GEORGE F. HARRINGTON *vs.* THE SAME.

A testator having, by his will, authorized his executors to sell real estate, and appointed three persons his executors, afterwards, by a codicil, revoked the appointment of one of them by name, and appointed another person in his place and stead; it was held, that the power to sell devolved upon the two executors appointed by the will, whose appointment was not revoked, and the third appointed by the codicil.

A devise of an undivided part of a testator's real estate must yield to a subsequent clause in the will, authorizing the executors, at their discretion, to sell and convey a part or the whole of the real estate of the testator.

JOSEPH VALENTINE, by his will, after providing for the payment of all his just debts and charges, devised and bequeathed all the estate, real, personal and mixed, which he might leave

18 *

at his decease, to his children and grandchildren, in various proportions, the share of one child to be under the control and direction of his executors thereinafter named.    The will also contained the following clause :    " And I hereby authorize and empower my said executors to sell at private or public sale such portions or all of my estate real or personal, as they shall judge expedient, and to make and deliver good and sufficient deeds, or other instruments, for the conveyance thereof."  By the last clause of his will, the testator appointed his son in law, Jefferson Pratt, and his sons, Charles Henry Valentine and Edward Hopkins Valentine, and the survivors or survivor of them, executors and executor of his will.  He afterwards added a codicil, by which, after reciting that he had appointed his son, Edward H. Valentine, one of the executors of his will, he revoked that appointment, and constituted and appointed his son John Lowell Valentine, an executor, " in the place and stead of the said Edward H. Valentine."

The plaintiffs, Jefferson Pratt, Charles H. Valentine and John L. Valentine, acting as executors of Joseph Valentine, sold certain lands of their testator to the defendant, for purposes of general distribution, and with the parol consent of the heirs.   The defendant had taken possession, under his deed, of the estate conveyed to him, and his title had not been disturbed or questioned by any of the heirs.

These actions were brought on promissory notes given by the defendant to the plaintiffs in the first action, who had indorsed one of the notes to the plaintiff in the second action. At the trial, in the court of common pleas, before *Wells*, C. J., the defendant contended, upon the above stated evidence, that the executors had no authority, under the will and codicil of Joseph Valentine, to sell and convey the testator's real estate, and consequently that the notes were without consideration, and void.    But the presiding judge ruled otherwise, and the plaintiffs having obtained verdicts, the defendant excepted.

*J. C. Adams*, for the defendant, cited 1 Sugd. on Powers, (6th ed.) 128, 133, 139, 142 to 144; 4 Cruise, 133; 4 Kent, 320, 321; *Shelton* v. *Homer*, 5 Met. 462; *Fay* v. *Fay*, 1 Cush. 93; *Taylor* v. *Benham*, 5 How. 233; *Bergen* v. *Bennett*, 1 Caines

Cas. 1, 15; *Townsend* v. *Wilson*, 1 B. & Ald. 608; *Bradford* v. *Belfield*, 2 Simons, 264, 271; *Ventress* v. *Smith*, 10 Pet. 161, 175; *Hall* v. *Irwin*, 2 Gilman, 176; *Richardson* v. *Morey*, 18 Pick. 181, 187.

*S. F. Plimpton*, for the plaintiffs.

DEWEY, J. Supposing the question of the invalidity of the conveyance fully open to the defendant, in an action upon the note given for a part of the purchase money, the inquiry then is, whether the grantors in the deed had authority to execute the same, and whether their deed was effectual to pass the estate to the grantee. This depends upon the construction of the will of Joseph Valentine, and the nature and extent of the power vested in his executors to sell the estate of their testator. It is said, that the power to sell is a naked power, in distinction from a power coupled with an interest. Even if this be so, it does not, under the view which we have taken of the case, affect the validity of this conveyance. This deed was executed by Jefferson Pratt and Charles H. Valentine, two of the persons named in the original will, together with John L. Valentine, who was, in the codicil to the will, appointed as a substitute for Edward H. Valentine, who had been appointed to this duty by the testator, in the original will.

The point taken by the defendant is, that the power to sell was given in the will to three persons *nominatim*, and that only the three therein named could execute it; taking the distinction between a power given to executors generally, to sell the estate of the testator, and a power given to three persons by name, the same persons being also executors. Assuming the present power to have been of the character supposed by the argument of the defendant, the further inquiry then is, who are the three individuals named, as the persons clothed with an authority to sell the real estate of the testator. The defendant insists, that it was the three persons named in the original will. This was so while the will remained unmodified; but by the codicil the appointment of Edward H. Valentine was revoked, and John L. Valentine was appointed " in the place and stead of Edward H. Valentine." The effect of

the codicil was to republish the will, modified and changed by the codicil, and thereafter to be taken and construed as a will of the date of the codicil. It was to all intents and purposes a will of that date, and constituted his three executors by name, embracing the substitute and striking out the name of Edward H. Valentine, as the persons to execute the power of sale. It is to be read as though these three names were originally inserted in the will. That such is the effect of a codicil, is unquestionable. *Kip* v. *Van Cortland,* 7 Hill, 346. This being so, and the conveyance having been executed by these three persons, the power was well executed as to the persons executing it.

2. The remaining question is, whether the power given to the executors to sell the estate is void, as being repugnant to the devises in fee of the same to various persons. We apprehend that the objection is unfounded. The entire will is to be read, in deciding upon the effect of a particular devise. If any preference is to be made in reference to the order in which the clause is inserted in the will, the last is rather entitled to it than the first. But the will is to be taken as a whole, and the later provisions therein are to be taken as modifying those preceding, whenever such appears to have been the intention of the testator. Hence a devise to A. B. of an undivided seventh part of all the estate of the testator must yield to a subsequent provision in the will, authorizing the executors named in the will, at their discretion, to sell a part or all of the lands of the testator for payment of debts, or for the purpose of converting the same into personal estate, for the more convenient settlement of the estate. *Lancaster* v. *Thornton,* 2 Bur. 1027; *Bragg* v. *Ryland,* 7 Mees. & Welsb. 59, 62; *Braman* v. *Stiles,* 2 Pick. 460, 464; *Conklin* v. *Egerton,* 21 Wend. 430. The case made by the parties does not state the formal parts of the deed of the executors, or the date. The court are of opinion, that the three persons named as grantors in the deed, were duly authorized by the testator to make the sale, and to execute a good and sufficient deed of the land, and that if the deed is proper in its form, and made in pursuance of the will, it will pass the estate.

It has become unnecessary to express an opinion upon various other grounds, relied upon by the plaintiffs, one of which was, that the executors, being also devisees of the land, the deed would be effectual, at least to pass that interest, and this would be a sufficient answer to the defence; and another was, that the defendant yet holding the possession of the land under the deed, and this title not having been disturbed or questioned by the devisees or heirs at law, it was not competent to the defendant to urge this in defence, to an action upon the notes given for the purchase money, for the purpose of showing the want of consideration for the same. For the reasons already stated, upon the other points, this defence must fail, and the plaintiff is entitled to judgment.

*Exceptions overruled*